IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rosemoor Suites, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 CV 6890 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| Harleysville Lake States Ins. Co., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rosemoor Suites, LLC ("Rosemoor") brought this action against defendant

Harleysville Lake States Insurance Company ("Harleysville") seeking a declaration that

Harleysville owed it a duty to defend it in an underlying Lanham Act suit (state law claims were

also raised) concerning the use of the name "Hotel Chicago." Harleysville moves for summary

judgment that it owed Rosemoor no duty to defend. For the following reasons, the court grants

the motion.

## I. Background

The parties do not dispute the following facts at summary judgment.

### A. The Policies

Harleysville issued two policies naming Rosemoor as the insured (collectively "the

policies"), commercial general liability policy No. MPA 00000085976V ("CGL Policy") and

commercial liability umbrella policy No. CMB 00000085974V ("Umbrella Policy"). Statement

of Facts ("SOF") ¶¶ 32,[1] 33; ECF No. 27; *see also id.* ¶ 34 (the named insured on the policy was later amended in immaterial way).

The CGL policy provides:

**1. Insuring Agreement**
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
. . .
**2. Exclusions**
This insurance does not apply to:
. . .
**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".
However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

SOF ¶ 41, 43 (quoting Coverage Form 6, ECF No. 5-1).[2] (alterations in original).

The parties agree that the following definitions in the CGL policy are relevant:

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purpose of attracting customers or supporters is considered an  advertisement
. . .
**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
. . .
**f.** The use of another's advertising idea in your "advertisement"; or

---

[1] Rosemoor does not dispute any of the paragraphs in defendant's statements of material facts. *See* Plaintiff's Response to Statement of Facts 1, ECF No. 37. The court therefore cites directly to the Statement of Facts (SOF).

[2] PDF page number 19 of 195 in the ECF document.

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

SOF ¶ 42 (quoting Coverage Form 12, 14) (alterations in original). It is undisputed that the umbrella policy contains "substantially identical" insuring language, definitions, and exclusions. *See* SOF ¶¶ 44–47.

### B. The Underlying Suit

In 2016, LHO Chicago River, LLC ("LHO") brought the underlying suit against Rosemoor and other defendants alleging trademark infringement and unfair competition claims under § 43 of the Lanham Act; an Illinois common law trademark infringement claim; and a claim under the Illinois Uniform Deceptive Trade Practices Act .[3] Resp. to SOF ¶¶ 17–21; *see also* Am. Compl., No. 16-CV-6863, ECF No. 42 (N.D. Ill. Aug. 4, 2016). The dispute centered on the use of the name "Hotel Chicago." LHO alleged that it had been using the "Hotel Chicago" mark since at least February 2014, and these defendants opened a new "Hotel Chicago" in 2016 about three miles from the location of LHO's hotel. SOF ¶¶ 11, 13. LHO claimed that the defendants' use of the "Hotel Chicago" mark interfered with its trademark rights and caused confusion amongst consumers. *Id.* ¶¶ 17–21. LHO sought, among other things, a judgment declaring that the defendants had infringed, and were infringing, LHO's "Hotel Chicago" mark. *Id.* ¶ 21.

Rosemoor tendered the defense of the underlying suit to Harleysville. Harleysville denied coverage and did not defend. *Id.* ¶ 27. Nor did Harleysville file a declaratory judgment suit to obtain a coverage determination. *See id.* ¶¶ 28–29; Def.'s Resp. to Pl.'s Stmt. Add'l Facts ("Resp. to SAF") ¶¶ 5–6, ECF No. 39.

---

[3] The parties agree that the amended complaint is the operative pleading to be analyzed here. *See* SOF ¶ 7 (citing Amended Complaint Ex. D, ECF No. 27-4) For simplicity's sake, the court refers to the amended complaint as simply the complaint in this opinion.

LHO voluntarily dismissed the underlying suit with prejudice in 2018.  SOF. ¶ 22.  The

defendants subsequently moved under § 35 of the Lanham Act for more than $500,00 of

attorneys' fees in the underlying suit, but the court denied their motion.  *Id.* ¶¶ 23–24.

### C. The Instant Coverage Suit

Rosemoor filed the instant coverage suit in Circuit Court of Cook County against

Harleysville on September 26, 2018.  *Id.* ¶ 25, 26.  It initially named LHO as an additional

defendant.  In addition to seeking a coverage determination, Rosemoor asserted that Harleysville

is estopped from denying coverage because it did not defend the underlying suit under a

reservation of rights and did not file a declaratory judgment action seeking a coverage

determination.

Harleysville removed the case to this court.  Notice Removal, ECF No. 1.  Rosemoor

moved under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976),

for this court to abstain and remand the case to be heard with another coverage dispute in Cook

County Circuit Court.  This court denied the motion.  Order, ECF No. 22 (N.D. Ill. Apr. 17,

2019).

Harleysville subsequently moved to dismiss LHO, contending that Rosemoor had

fraudulently joined it as an in-state defendant to defeat this court's diversity jurisdiction.  The

motion was granted.  Order, ECF No. 32 (N.D. Ill. July 2, 2019).

### II. Analysis

The parties argue the motion for summary judgment under the substantive insurance law

of Illinois.  "Under Illinois law, the interpretation of an insurance policy is a question of law that

is properly decided by way of summary judgment."  *BASF AG v. Great Am. Assur. Co.*, 522 F.3d

813, 818–19 (7th Cir. 2008) (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*,

156 620 N.E.2d 1073, 1077 (Ill.1993)) (other citations omitted). Rosemoor recites the Illinois summary judgment standard in its memorandum in opposition to summary judgement. ECF No. 36 at 7–8. Rossmoor's reliance on state procedural law appears to be an oversight, however, for Rosemoor does not argue that any aspect of Illinois's summary judgment standard affects the outcome. *See id.*

This court's jurisdiction is based on the parties' diverse citizenship. 28 U.S.C. § 1332(a)(1). Under the *Erie* doctrine, *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), this court applies federal procedural rules, specifically Federal Rule of Civil Procedure 56, to the motion for summary judgment and the law of Illinois to resolve substantive questions. *See Houben v. Telular Corp.*, 309 F.3d 1028, 1033 (7th Cir. 2002); *Mayer v. Gary Partners and Co., Ltd.*, 29 F.3d 330, 334 (7th Cir. 1994).

Summary judgment is appropriate "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Haley v. Kolbe & Kolbe Millwork Co.*, 866 F.3d 824 (7th Cir. 2017) (citing Fed. R. Civ. P. 56(a)) (resolving insurance coverage suit at summary judgment). The parties identify no material factual disputes. *See* Pl.'s Resp. to Stmt. Undisputed Facts ("Resp. to SOF") 1–2, ECF No. 37; Resp. to SAF ¶¶ 1–6, ECF No. 39. The court must therefore decide whether Harleysville is entitled to judgment as a matter of law.

Under Illinois law, an insurer owes a duty to defend "if the allegations in the underlying complaint fall within, or potentially within, the policy's coverage." *Westfield Ins. Company v. Na'tl Decorating Serv., Inc.*, 863 F.3d 690, 695 (7th Cir. 2017) (citing *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (2005)). "This is true even if the allegations are groundless, false, or fraudulent, and even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Id.* (quoting

*Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 315 (Ill. 2006)).  The court "must liberally construe the underlying complaint and the insurance policies in favor of the insured."  *Westfield Ins. Co.*, 863 F.3d at 695 (citations omitted).

The parties raise three related issues.  All concern the policies' language and the scope of coverage.  Harleysville contends that the underlying complaint did not trigger a duty to defend because it alleged no "personal and advertising injury" to which the policies applied.  SOF ¶ 41 (scope of coverage).  Even if the complaint falls within the scope of coverage, Harleysville says that the exclusion for "Infringement Of Copyright, Patent, Trademark Or Trade Secret" claims, SOF ¶ 43, precludes coverage.

Rosemoor responds to both arguments by citing paragraphs 33 and 39–43 of the complaint filed in the underlying suit.  As Rosemoor reads them, the paragraphs trigger the exclusion by alleging an "advertising injury," as the phrase is used in the policies, because they plead infringement of trade dress.  *See* SOF ¶ 43 ("this exclusion does not apply to infringement, in your 'advertisement', of copyright, trade dress or slogan").

Rosemoor's briefing could be clearer, but the idea seems to be that the underlying complaint arguably alleged a covered trade dress claim based on Rosemoor's use of the words "Hotel Chicago" on a parking sign outside its hotel.[4]   The language of the policies here distinguishes expressly between "trademark infringement" claims outside the scope of coverage and certain covered "trade dress" claims.  *See* SOF ¶¶ 41–43.

Section 43(a) of the Lanham Act, under which LHO sued in the underlying suit, permits plaintiffs to bring claims based on "not just word marks, such as 'Nike,' and symbol marks, such as Nike's 'swoosh' symbol, but also 'trade dress'—a category that originally included only the

_____

[4] According to plaintiff, the sign reading "Hotel Chicago" replaced an earlier sign reading "Chicago Hotel." Joseph Perillo Affidavit ¶ 4, ECF No. 36-1.

packaging, or 'dressing,' of a product, but in recent years has been . . . expanded to encompass the design of a product." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000) (citations omitted). "The 'trade dress' of a product is essentially its total image and overall appearance. It 'involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques.'" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764 n.1 (1992) (quotations omitted). Construing language identical to the policy language at issue here, Illinois courts have held that "trade dress infringement and trademark infringement are two different causes of action." *Greenwich Ins. Co. v. RPS Prods., Inc.*, 882 N.E.2d 1202, 1212 (Ill. App. Ct. 1st Dist. 2008). Thus, the facts alleged in the underlying complaint must be analyzed to determine whether they assert the substance of a trade dress claim. *See id.*; *AUElectronics Inc. v. Harleysville Group Inc.*, 82 F. Supp. 3d 805, 811–12 (N.D. Ill. 2015).

Even resolving doubts in favor of coverage, Rosemoor strains the language of the underlying complaint beyond the breaking point. The underlying allegations focus on the use of the name "Hotel Chicago" and the alleged confusion it caused. *See* Underlying Compl. ¶¶ 20–32, ECF No. 27-4 Ex. D. For example, LHO, the plaintiff in the underlying suit, alleged that it registered an internet domain name including "hotelchicago," in 2013. Compl. ¶ 24, ECF No. 27-4. The underlying complaint asserted that "[s]ince February 2014, approximately 246,000 rooms have been booked at Hotel Chicago under the HOTEL CHICAGO *name*." *Id.* ¶ 27 (emphasis added).

The paragraphs of the underlying complaint Rosemoor repeatedly cites do not even arguably assert a trade dress infringement claim. *See* Resp. to Mot. Summ. J. 10, 11. If anything paragraph 33 weakens the argument for coverage by focusing on the hotel's name rather than anything that could be considered trade dress. It alleges that Rosemoor filed "an intent-to-use"

application for the "Hotel Chicago" mark with the U.S. Patent and Trademark Office; trade dress

is not mentioned, either by name or in substance. Underlying Compl. ¶ 33, ECF No. 27-4 Ex. D.

Paragraphs 39–43 recite the elements of the trademark infringement claim pleaded in Count I,

including the generic assertions that "[d]efendants' use of the HOTEL CHICAGO mark is

identical in appearance, sound, connotation, and commercial impression to LHO's HOTEL

CHICAGO mark" and that Rosemoor's use of the mark "is likely to cause confusion" among

consumers. *Id.* ¶¶ 39, 40, 42. How that confusion is caused is not stated in these boilerplate

allegations, and certainly no sign is mentioned. *See id.* ¶¶ 39–43.

These threadbare allegations of the claim must be read in the context of the foregoing factual

allegations, discussed in the prior paragraph, focusing on Rosemoor's use of the name "Hotel

Chicago."[5] Read in context, then, paragraphs 39–42 of the underlying complaint do not raise a

trade dress claim within the meaning of the insurance policies at issue here. *See AUElectronics*

*Inc,* 82 F. Supp. at 811–12 (finding no coverage under identical language because claims under

§ 43(a) for the Lanham Act did not assert a trade dress claim); *Greenwich Ins. Co.*, 882 N.E.2d at

1212 (same).

Rosemoor appears to have a backup argument, albeit not one explicitly spelled out in its

summary judgment response. Rosemore implicitly asks the court to look beyond the underlying

---

[5] In a single sentence of its memorandum in opposition to summary judgement, Rosemoor argues that the claim under the Illinois Deceptive Trade Practices Act claim is independent of LHO's trademark claims. ECF No. 36 at 11. "If any portion of the complaint in the underlying litigation potentially falls within the coverage provided by the policy, the insurer must defend the entire suit." *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 812 (7th Cir. 2010) (citing *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 398 (7th Cir. 2014)) (other citation omitted). For the third time in this case, the court must conclude that Rosemoor has waived an argument by failing to develop it adequately and by citing no legal authority. "Perfunctory, underdeveloped arguments supported by no legal authority like Rosemoor's are waived" Order at 4, ECF No. 32 (N.D. Ill. July 2, 2019) *(citing United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017); *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017)).

complaint to find that Rosemoor displayed a parking sign in front of its hotel with the name

"Hotel Chicago."  Illinois courts ordinarily apply the eight corners rule: "compar[ing]the four

corners of the underlying complaint with the four corners of the policy . . . .  In applying this

rule, [the] focus is on what has actually been alleged in the underlying action rather than what

hypothetically could be alleged." *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806,

812 (7th Cir. 2010) (quoting *Del Monte Fresh Produce N.A., Inc. v. Transport. Ins. Co.*, 500

F.3d 640, 643 (7th Cir. 2007)).  But, as Rosemoor points out, the Illinois Supreme Court has

carved out exceptions to the eight corners rule.  Citing *Pekin Insurance Co. v. AAA-1 Masonry &*

*Tuckpointing, Inc.*, 2017 IL App (1st) 160200, Rosemoor submits that here the court should

consider true, but unpleaded, facts.  The Illinois appellate court explained the exception:

> Although a court ordinarily begins its analysis by examining the underlying
> complaint, a court is not limited to the allegations in the complaint in determining
> whether an insurer has a duty to defend.  *Pekin Insurance Co. v. Pulte Home
> Corp.*, 404 Ill.App.3d 336, 340, 343 Ill.Dec. 830, 935 N.E.2d 1058 (2010).
> The Illinois Supreme Court declined to "limit the source of an insurer's duty to
> defend 'solely' to the content of the underlying complaint in all cases." *Pekin
> Insurance Co. v. Wilson*, 237 Ill.2d 446, 458, 341 Ill.Dec. 497, 930 N.E.2d 1011
> (2010).  Under certain circumstances, it is proper for the court to examine
> evidence beyond that contained in the underlying complaint to determine the
> insurer's duty to defend.  *Id*. at 462, 341 Ill.Dec. 497, 930 N.E.2d 1011.  One such
> circumstance is where the insurer possesses knowledge of true but unpleaded
> facts that, when taken together with the allegations in the complaint, indicate that
> the claim is within or potentially within the policy coverage.  *Shriver Insurance
> Agency v. Utica Mutual Insurance Co.*, 323 Ill.App.3d 243, 247, 255 Ill.Dec. 868,
> 750 N.E.2d 1253 (2001) (*citing Indiana Insurance Co. v. Hydra Corp.*, 245
> Ill.App.3d 926, 929, 185 Ill.Dec. 775, 615 N.E.2d 70 (1993)).  The only time such
> evidence should not be permitted is when it tends to determine an issue crucial to
> the determination of the underlying lawsuit.  *Fidelity & Casualty Co. of New York
> v. Envirodyne Engineers, Inc.*, 122 Ill.App.3d 301, 305, 77 Ill.Dec. 848, 461
> N.E.2d 471 (1983).

*AAA-1 Masonry*, 2017 IL App (1st) ¶ 24.

Although Rosemoor quotes the entire foregoing paragraph from *AAA-1 Masonry*, it

discusses only the contents of the underlying complaint in its response.  *See* ECF No. 36 at 7–12.

In its Local Rule 56.1(b)(3) statement of additional facts, Rosemoor points to statements in an affidavit that it had a sign in front of its hotel reading "Hotel Chicago." *See* Resp. to SAF ¶¶ 1–3. But nothing in the affidavit or the Local Rule 56.1(b)(3) fact statement suggests that Rosemoor communicated anything about the sign to Harleysville when tendering the underlying lawsuit for a defense. *See id*. Nor has Rosemoor pointed to any evidence suggesting that Harleysville was aware of the sign. Accordingly, Rosemoor has not created a fact issue on whether the exception for true, but unpleaded, facts known to the insurer applies.

Finally, for essentially the same reasons, Rosemoor has not created a fact issue on whether estoppel applies. "Estoppel often arises in cases involving close calls over whether an insurance policy covers a particular claim brought against an insured. In those circumstances, the insurer has a duty to defend the insured because the latter has received a claim alleging facts within or potentially within the coverage of the applicable policy." *Essex Ins. Company v. Blue Moon Lofts Condo. Ass'n*, 927 F.3d 1007, 1012 (7th Cir. 2019) (citing *Maryland Cas. Co. v. Peppers*, 355 N.E.2d 24 (Ill. 1976)). But "'when the policy and the complaint are compared, [and] there was clearly no coverage or potential for coverage,' general estoppel does not apply." *Id*. (citing *Employers Ins. of Wausau v. Ehlco Liquidating Tr.*, 708 N.E.2d 1122, 1135 (Ill. 1999)). That rule applies here, for as the foregoing analysis shows, the absence of potential coverage was clear enough on the face of the underlying complaint to make estoppel inapplicable. Indeed, Rosemoor fails to cite a single case construing similar coverage terms in its summary judgment response, suggesting the weakness of its position. *See* ECF No. 36 at 7–12.

Illinois law also recognizes a separate species of equitable estoppel. *See Essex Ins.*, 927 F.3d at 1013. For equitable estoppel to apply, Rosemoor would need to show that Harleysville

misled it into believing it would cover the suit, that Rosemoor relied on Harleysville's misleading statement or act, and that Rosemoor was prejudiced as a result. *See id.* (citing *Filos*, 673 N.E.2d at 1105). Rosemoor has not attempted to show any of those things, and nothing in the summary judgment record suggests that Harleysville misled Rosemoor. On the contrary, it is undisputed that Harleysville denied coverage when Rosemoor tendered the underlying suit for a defense. SOF ¶¶ 27, 35.

## CONCLUSION

For the reasons stated, Harleysville's motion for summary judgment is granted.


Dated: March 16, 2020                       /s/_____

                                           Joan B. Gottschall
                                           United States District Judge